# UNITED STATES DISTRICT COURT
# DISTRICT OF NEBRASKA

| | |
|---|---|
| Tiffany Griggs, | : |
| | : |
| Plaintiff, | : Civil Action No.: 4:13-cv-03071 |
| v. | : |
| | : |
| Pushpin Holdings LLC; and DOES 1-10, inclusive, | : **COMPLAINT AND DEMAND FOR JURY** |
| | : **TRIAL** |
| | : |
| Defendants. | : |
| | : |

For this Complaint, the Plaintiff, Tiffany Griggs, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), the Nebraska Consumer Protection Act, Neb.Rev.Stat. § 59-1601, *et. seq.* (the "NCPA"), and Nebraska common law by Defendants in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.      The Plaintiff, Tiffany Griggs ("Plaintiff"), is an adult individual residing in Kearney, Nebraska, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant Pushpin Holdings LLC ("Pushpin"), is a New York business entity with an address of 1 Penn Plaza, New York, New York 10119, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Pushpin and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Pushpin at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.      The Plaintiff allegedly incurred a financial obligation in tha approximate amount of $6,478.22 (the "Debt") to Lease Finance Group (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to Pushpin for collection, or Pushpin was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Pushpin Engages in Harassment and Abusive Tactics

12.     On or around January 16, 2013, the Defendants contacted the Plaintiff in an attempt to collect the Debt.

13.     Following receipt of Defendants' demand letter to Plaintiff, Plaintiff placed a call to Defendants to discuss details regarding the Debt.

14.     During Defendants' initial communication with Plaintiff, Defendants failed to disclose they were debt collectors calling in an attempt to collect the Debt, and instead mislead Plaintiff by stating they were from a "legal department."

15.     Moreover, Defendants refused to disclose any details of the alleged Debt to Plaintiff despite her requests for additional information.

16.     During the same communication, Defendants falsely threatened Plaintiff with legal action, wage garnishment and bank account levies.

17.     Defendants failed to inform Plaintiff that the alleged Debt which was incurred around the year 2000 was past the statute of limitations and therefore no longer legally enforceable.

18.     Shortly thereafter, on February 5, 2013 and again on February 8, 2013, Plaintiff mailed Defendants letters which requested that Defendants cease and desist placing calls to Plaintiff.

19.     Despite such, Defendants continued to place calls to Plaintiff.

**C. Plaintiff Suffered Actual Damages**

20.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

21.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq*.

22.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

3

23.     The Defendants' conduct violated 15 U.S.C. § 1692c(c) in that Defendants contacted the Plaintiff after having received written notification from the Plaintiff to cease communication.

24.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

25.     The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

26.     The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with garnishment if the debt was not paid.

27.     The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with seizure of his property if the debt was not paid.

28.     The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

29.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

30.     The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

31.     The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

32.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

4

33.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

## VIOLATION OF THE NEBRASKA CONSUMER PROTECTION ACT
## Neb.Rev.Stat. § 59-1601, et. seq.

34.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35.     Defendants engage in trade or commerce as defined by Neb.Rev.Stat. § 59-1601(2).

36.     In attempting to collect the Debt from Plaintiff, Defendants engaged in unfair and deceptive acts and practices, in violation of Neb.Rev.Stat. § 59-1602.

37.     As a result of Defendants' acts, Plaintiff is entitled to actual damages and attorney's fees, pursuant to Neb.Rev.Stat. § 59-1609.

## COUNT III

## INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

1.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

2.     The Restatement of Torts, Second, § 652B defines intrusion upon seclusion as "[o]ne who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

3.     Nebraska further recognizes Plaintiff's right to be free from invasions of privacy, thus Defendants violated Nebraska state law.

4.     Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with telephone calls after receipt of Plaintiff's cease and desist letters.

5

5.     The telephone calls made by Defendants to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652B requirement for an invasion of privacy.

6.     Defendants' conduct in engaging in illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

7.     As a result of these intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial.

8.     All acts of Defendants were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4.  Actual damages pursuant to Neb.Rev.Stat. § 59-1609;

5.  Costs of litigation and reasonable attorney's fees pursuant to Neb.Rev.Stat. § 59-1609;

6.  Actual damages from the Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent

FDCPA violations; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 2, 2013

Respectfully submitted,

By:  */s/ Sergei Lemberg*

Sergei Lemberg, Esq.
Lemberg & Associates L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorney for Plaintiff

7